IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

IRA MULLINS
ADC #154886[1]                                                                       PETITIONER

v.                                  CASE NO. 5:14CV00144 BSM-JTK

WENDY KELLEY[2], Director
Arkansas Department of Correction                                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District

Court Judge Brian S. Miller.  Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal basis

for the objection. If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection. An original and one copy of your objections must

be received in the office of the United States District Clerk no later than fourteen (14) days

from the date of the findings and recommendations. The copy will be furnished to the

opposing party. Failure to file timely objections may result in waiver of the right to appeal

questions of fact.

---

[1]Petitioner's Arkansas Department of Correction (ADC) inmate number is incorrectly noted on the docket as ADC #15886 but is instead ADC #154886.  The Clerk is directed to correct this error to ensure proper notification to Petitioner.  According to the ADC website, Petitioner is scheduled for release on April 30, 2015.

[2]Wendy Kelley replaced Roy Hobbs as Director of the Arkansas Department of Correction.  Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this matter.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## Introduction

Before the Court is the Petition for Writ of Habeas Corpus filed by Ira Mullins on April 21, 2014.  (DE #2).  A response was filed by the Respondent on April 22, 2014.  (DE #12)  After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be dismissed.

**Discussion**

On May 17, 2012, Petitioner was charged by felony information in the Pulaski County (Arkansas) Circuit Court with the rape of his fourteen year old half sister. He was also charged as a habitual offender with more than one but less than four prior felonies. (DE ##12-2; 12-4)  Petitioner pleaded guilty to second degree sexual assault on April 30, 2013, and the trial court sentenced him to fifteen years' imprisonment. (DE ##12-4, 12-5)  The judgment of conviction was entered on May 14, 2013.  (DE #12-4)

Petitioner filed a state habeas petition on March 11, 2014.  (DE #12-6) In it, he alleged (1) actual innocence, (2) a facially invalid sentence, (3) illegal detention, (4) ineffective assistance of counsel, and (5) lack of collateral review counsel.  (*Id.*)  The trial court denied the habeas petition on March 19, 2014.  (DE #12-7) Petitioner filed an appeal to the Arkansas Supreme Court and that appeal was still pending at the time he filed this federal habeas petition.  *See Mullins v. State*, No. CV-14-310.  On June 27, 2014, the State of Arkansas filed a Motion to Dismiss because Petitioner had not filed a brief or a motion for extension of time to file his brief. The Arkansas Supreme Court issued a formal order granting the Motion to Dismiss on September 4, 2014.

Respondent admits Petitioner is in her custody and that there are currently no non-futile state remedies available to him.  Respondent denies, however, that Petitioner is entitled to habeas relief.  While Petitioner claims to have filed this protective federal habeas petition to ensure he complied with the statute of limitations while his appeal from the denial of state habeas petition was still pending, the Arkansas Supreme Court has now dismissed the appeal,

3

and Petitioner has no unexhausted state court remedies available.[3]

In the federal habeas petition, Petitioner brings forth the same claims as those raised in his state habeas petition and appealed to the Arkansas Supreme Court. However, this Court finds that Petitioner's claims are procedurally defaulted unless he can demonstrate cause and prejudice or actual innocence exceptions to the procedural default rule.

A federal court is precluded from considering a habeas corpus claim that a "state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir.2004) (citing *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002)). A state prisoner is procedurally barred from proceeding in federal court when he violates a state procedural rule that independently and adequately bars direct review of the claim. *See id.* If a state prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[4]," then he overcomes the procedural bar and may proceed in a federal habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal

---

[3]Alternatively, no state court remedy was available for Petitioner's unexhausted claims—that is, resort to the state courts was futile—and the exhaustion requirement in section 2254(b) was satisfied.

[4]To demonstrate a fundamental miscarriage of justice, a petitioner must show his actual innocence of the charges. *Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

Here, the Arkansas Supreme Court disposed of Petitioner's claim on an independent and adequate state procedural ground when it dismissed Petitioner's case for his failure to file an appeal brief as directed by the court. This finding is binding upon this court. *See Wallace v. Lockhart*, 12 F.3d 823, 826 (8th Cir. 1994) ("Wallace's inability to have his claim considered by the Arkansas state courts stems from his failure to raise it in his first Rule 37 petition, when his procedural default occurred, not from any unreasonableness on the part of the state's procedural rules."). Thus, the Arkansas Supreme Court's decision to dismiss Petitioner's state habeas appeal for failure to comply with its rules was resolved on an adequate and independent state ground, namely Petitioner's failure to file a brief in support of his petition. Thus, this Court is precluded from habeas review of Petitioner's procedurally defaulted claims unless he can demonstrate cause and prejudice or actual innocence.

**Cause and Prejudice:** Because Petitioner's claims are barred by state procedural rule, he must show cause and prejudice or demonstrate a fundamental miscarriage of justice (actual innocence) in order to proceed in federal court on this habeas corpus petition. *See Coleman*, 501 U.S. at 750. The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor, external to the defense, impeded counsels' efforts to comply with the State's procedural rule." *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Here, Petitioner fails to show cause for his procedural default. Petitioner must be able to show something external to him, or something that cannot be fairly attributed to him,

caused the procedural default. *See Ivy v. Caspri*, 173 F 3d 1136, 1140 (8th Cir.1999).  In this case, neither the State of Arkansas nor any other factor impeded his ability to comply with the order of the Arkansas Supreme Court. Petitioner made the conscious decision to not comply with that order.   Because the Petitioner has failed to establish "cause" for his procedural default, the Court need not examine whether he was prejudiced by the default.

To the extent the petition can be liberally construed to allege ineffective assistance of counsel as cause for the procedural default, the claim must fail.  Petitioner did not file a Rule 37 petition in state court, and it is well established under Arkansas law, that a claim for ineffective assistance of counsel is not cognizable in a state habeas proceeding.  *See Holliday v. Hobbs*, 2014 Ark. 408 (per curiam). Moreover, in his claims of a facially invalid sentence and illegal term of years, Petitioner asserts no questions of federal law and Petitioner waived his right to challenge the sufficiency of the evidence when he pleaded guilty.  Federal habeas corpus review does not lie to correct alleged errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  Moreover, "the ineffectiveness or incompetence of counsel during . . . State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i) (2006).  While a Petitioner may establish cause to excuse default of his ineffective assistance of counsel claims because he lacked appointed counsel during the initial-review collateral process under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), *Trevino v. Thaler*, 13 S.Ct. 1911 (2013), and *Sasser v. Hobbs*, 735 F.3d 833 (8th Cir. 2013), to utilize this exception to overcome procedural default, he must demonstrate his defaulted ineffective assistance of counsel claims have "some merit."  *Martinez*, 132 S.Ct. At 1318.  Here, Petitioner makes the assertion but does not say how counsel was ineffective; thus, his claims have

no merit or factual support. *Id*. at 1319-1320.  This exception only applies to ineffective assistance of trial counsels and is not extended to ineffective assistance of appellate counsel claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (pet. for cer. filed, No. 14-8782, March 10, 2015).

**Actual Innocence:** A federal habeas petitioner who has procedurally defaulted may be able to proceed if he establishes (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir.1997). This exception should only be applied in an "extraordinary case." *Id.*

While Petitioner does not clearly articulate his actual innocence claim, he makes reference to an exhibit he asserts will prove his actual innocence and attaches to his petition a copy of the crime lab report that indicates his semen, blood, or hair were found on several items of physical evidence submitted.  This claim, however, in light of his guilty plea, does not establish his innocence.

In summary, Petitioner failed to adequately exhaust his state court remedies. He was procedurally barred by an independent state procedural rule from presenting his claims in state court. He has failed to establish "cause" for that procedural default. He has also failed to establish that new and reliable evidence exists which tends to show his actual innocence. As such, the Petition filed herein should be denied and dismissed with prejudice.

## Conclusion

Accordingly, based on the foregoing, the instant Petition should be denied and dismissed with prejudice.

**Certificate of Appealability:**  When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

IT IS THEREFORE ORDERED that (1) The Clerk correct Petitioner's ADC number from ADC #15886 to ADC #154886 to ensure proper notification to Petitioner and (2) Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE #2) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

SO ORDERED this 2nd day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE